IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WALTER R. SLONE, SR.**                                              **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:07-cv-713 HTW-LRA**

**JACKSON HOUSING AUTHORITY;
JIM FRENCH; GOLDEN KEYS APARTMENT;
AMSOUTH FEDERAL RESERVE BANK OF ATLANTA;
CHEVRON JUNLEE; WILLIAM BARNETT;
MIKE PARKER; HOUSTON PATTON;
SAM'S BEAUTY STORE; WALTON ELEMENTARY SCHOOL;
JACKSON POLICE DEPARTMENT; and DOES 1-9**          **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Motions of Defendants Regions Bank,[1] Jim French, and the Jackson Police Department, to Dismiss. These defendants move for dismissal on the grounds that Plaintiff failed to abide by earlier Orders which required him to contact and obtain Court approval before filing any further lawsuits against these or any other defendants.[2] The Court has considered the Motions, Plaintiff's Response,[3] the subject Orders, as well as supporting and opposing authorities and finds that the lawsuit should be dismissed because of Plaintiff's failure to comply with the prior sanction Orders

---

[1] Regions Bank is the successor by merger to AmSouth Bank which is allegedly improperly named in this lawsuit as "AmSouth Federal Reserve Bank of Atlanta."

[2] Plaintiff has filed numerous lawsuits in this Court, typically against one or more of the same defendants. See, e.g. Slone v. Jackson-Hinds Comprehensive Health Center, et al., Civil Action No. 3:06-cv-117; Slone v. Tower Loan, Civil Action No. 3:05-cv-707; Slone v. Tifany Scott, et al.; Civil Action No. 3:03-cv-181; Slone v. State of Mississippi, et al.; Civil Action No. 3:02-cv-439; Slone v. AmSouth Bank and Hinds Super Market, Civil Action No. 3:01-cv-998; Slone v. Jackson Medical Mall Foundation, et al., Civil Action No. 3:00-cv-963.

[3] As Plaintiff is proceeding *pro se*, the allegations in his pleadings have been liberally construed. See *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

entered by this Court.

## I. Discussion

The dockets in this court show that on September 12, 2007, this court entered an Order in a case styled *Slone v. Jackson-Hinds Comprehensive Health Center, et al.*, Civil Action No. 3:06-cv-117, which provides, in relevant part:

> Motions for dismissal filed by defendants AmSouth Bank and City of Jackson assert that plaintiff filed this lawsuit in violation of prior orders from this court which directed plaintiff to contact and seek approval of this court prior to filing any further lawsuits against those defendants. The court reviewed those prior orders which are clear in their directive to plaintiff that court approval must be obtained prior to filing any further claims against the City of Jackson or AmSouth Bank....
>
> ...Therefore, the court dismisses this suit in its entirety and directs plaintiff as follows:
>
> Plaintiff is directed to file a letter with the court, styled Motion to Request Filing of Lawsuit. This letter is to include names of defendants in the requested lawsuit, along with the date of any alleged wrong, what statute or law plaintiff intends to rely upon, and a narrative of the factual details which form the basis of any lawsuit against any named entity. In addition, plaintiff is to inform the court whether this particular matter has ever been addressed by another court, the outcome of that proceeding, whether dismissal or otherwise, and finally whether this matter will survive the applicable statute of limitations.

*See Slone v. Jackson-Hinds Comprehensive Health Center, et al.*, Civil Action No. 3:06-cv-117, Order of Dismissal [Docket No. 54].[4] Although plaintiff filed a "Request to File this

---

[4] On February 27, 2004, this court entered an Order and Judgment in the case of Slone v. The People of the State of Mississippi, et al., Civil Action No. 3:04-cv-439, which provides, in relevant part:
> The Court further orders and adjudges that the Plaintiff may not file any further actions against AmSouth Bank without first obtaining the approval of this Court. Mr. Slone is instructed to submit any potential claims against AmSouth Bank to the Honorable Henry T. Wingate prior to filing any further actions. Upon such an occurrence, the Court will review the sufficiency of said allegations to determine whether a Complaint is warranted.

Action" in Civil Action No. 3:06-cv-117, *see* [Docket No. 55], he concedes that he did not obtain permission from the court to file this lawsuit. *See* Plaintiff's Opposition to Defendants Motion to Dismiss Complaint, ¶ 5.

The court finds that as plaintiff failed to comply with this court's September 12, 2007, Order, as well as the "prior Orders" cited by this court, this also lawsuit should be dismissed in its entirety. *See, e.g., Balawajder v. Scott*, 160 F.3d 1066, 1067-68 (5th Cir.1998) (affirming dismissal of lawsuit based on the plaintiff's failure to comply with a prior sanction order); *Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994) (affirming sanction order which barred the plaintiff from filing future lawsuits without first obtaining consent from the court). The court, however, will dismiss this lawsuit without prejudice thereby allowing plaintiff to re-file his lawsuit **AFTER** he can demonstrate that he has fully complied with the September 12, 2007, Order entered by Judge Wingate in Civil Action No. 3:06-cv-117, **and** has obtained permission from the Court to file a lawsuit.

## II. Conclusion

**IT IS THEREFORE ORDERED** that the Motions of Defendants to Dismiss [Docket Nos. 7 and 11] are hereby granted.

**IT IS FURTHER ORDERED** that this case is hereby dismissed, without prejudice, because of Plaintiff's failure to comply with the prior sanction Orders entered by this Court. An Order dismissing this case without prejudice shall be entered this day

**SO ORDERED** this the 30th day of January, 2009.

            **s/ HENRY T. WINGATE**
            **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:07-cv-713 HTW-LRA
Opinion and Order